UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANGEL PATTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.  2:16-cv-374 |
| v. | ) |
| | ) |
| VINCENNES UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES – WITH JURY DEMAND

Plaintiff, by counsel, for her Complaint against Vincennes University, states as follows:

### JURISDICTION AND VENUE

1. This suit is brought under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000 et. seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a et. seq. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

2. All acts alleged herein were committed within the Southern District of Indiana and venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b).

### PARTIES

3. Plaintiff Angel Patton ("Patton") is a citizen of the United States and the State of Indiana, and at all relevant times was a resident of Knox County, Indiana. She is currently a resident of Monroe County.

4. Patton was an "employee" of Vincennes University, within the meaning of Title VII, 42 U.S.C. § 2000e(f).

5. Defendant Vincennes University is a public university, which conducts business within the territorial jurisdiction of this Court from its facilities at 1002 North 1st St, Vincennes, IN 47591.

6. Vincennes University is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## PATTON'S EMPLOYMENT WITH DEFENDANT

7. Angel Patton began working for Defendant in January 2015.

8. She was employed by Defendant as an office coordinator in the physical plant at Vincennes University.

9. In February 2015, Dave Devoy, the supervisor of the grounds crew at Vincennes University began telling her that he dreamed of her at night.

10. In March 2015, Devoy began making sexual comments about Patton's appearance in front of other employees.

11. In March 2015, Patton informally complained to her supervisor, Andrew Young, about Devoy's conduct.

12. After another incident of harassment, when DeVoy told Patton that she looked like she needed sex and he could help her out with that, Patton filed a formal complaint to Human Resources.

13. Devoy was disciplined as a result of Patton's internal complaint, but still remained employed.

14. Four months later, Devoy confronted Patton about her attitude towards him in his office during a closed-door meeting in which only the two of them were present.

15. Patton told Devoy she was uncomfortable being alone with him.

16. Two days later, Patton was terminated.

17. The reason given for her termination was a pretext for discrimination and/or retaliation.

18. Defendant terminated Patton based on her sex and in retaliation for her complaints of discrimination based on sex.

## ADMINISTRATIVE PROCEDURES

19. On November 16, 2015, Patton filed a charge of discrimination alleging sex discrimination and retaliation, with the Equal Employment Opportunity Commission ("EEOC") under charge number 470-2016-00316.

20. On June 30, 2016, the EEOC issued Patton a Notice of Right to Sue.

21. Patton has ninety (90) days from the receipt of the Notice of Right to Sue to file a Complaint based on the conduct described in the charge, which time has not passed.

## COUNT I – SEX DISCRIMINATION

22. Plaintiff incorporates by this reference, as if fully set forth herein, all previous paragraphs of this Complaint.

23. Defendant engaged in unlawful sex discrimination when it terminated Patton.

## COUNT II – RETALIATION

24. Plaintiff incorporates by this reference, as if fully set forth herein, all previous paragraphs of this Complaint.

25. Defendant engaged in unlawful retaliation against Plaintiff in violation of Title VII when it terminated Patton because of her prior complaints of sexual harassment by Defendant's employee.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the judgment of this Court against Defendant, Vincennes University, providing the following relief:

A.  A permanent injunction enjoining Vincennes University, its officers, agents, servants, employees, attorneys, and all persons in active concert or participating with it, from discriminating against and harassing employees because of their sex in violation of Title VII and from retaliation against individuals who complain about or file charges regarding unlawful discrimination.

B.  An order directing Vincennes University to institute and carry out policies, practices, and programs, including training programs and the establishment of an independent oversight committee, which assure equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C.  An order directing Vincennes to make Plaintiff whole, by providing appropriate backpay and lost employment benefits with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay or reinstatement of Plaintiff.

D.  An order directing Vincennes University to make Plaintiff whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, mental anguish, injury to reputation, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E.  An award of reasonable attorneys' fees and the costs of this action.

F.  Such further relief as the Court deems necessary and proper in the public interest.

              Respectfully submitted,

              **MACEY SWANSON AND ALLMAN**


              <u> /s/ Jeffrey Macey</u>
              Jeffrey A. Macey, Atty No. 28378-49


**MACEY SWANSON AND ALLMAN**
445 N. Pennsylvania Street, Suite 401
Indianapolis, IN 46204
Phone: (317) 637-2345
Facsimile: (317) 637-2369
jmacey@maceylaw.com

## JURY DEMAND

Now comes the Plaintiff, by counsel, and demand that this cause be tried to a jury on all issues so triable.

                                                  Respectfully submitted,

                                                  **MACEY SWANSON AND ALLMAN**

                                                          /s/ Jeffrey Macey
                                                Jeffrey A. Macey, Atty No. 28378-49

**MACEY SWANSON AND ALLMAN**
445 N. Pennsylvania Street, Suite 401
Indianapolis, IN 46204
Phone: (317) 637-2345
Facsimile: (317) 637-2369
jmacey@maceylaw.com